**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2058-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DOMINIC J. ALEXANDER,
a/k/a DOMINIC ALEXANDER,
J. DOMINIC CARTER ALEXANDER,
and SCOTT JAVEL,

    Defendant-Appellant.

_____

Submitted September 28, 2022 – Decided October 14, 2022

Before Judges Currier and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Nos. 05-05-0650, 09-02-0206, and 11-05-0454.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Leandra L. Cilindrello, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dominic J. Alexander appeals from a June 16, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant filed a PCR petition regarding three separate criminal indictments. We summarize the facts underlying each indictment that are relevant to our review of defendant's PCR application.

On May 17, 2005, defendant was charged in Indictment No. 05-05-0650 with four counts of drug-related charges. On January 10, 2006, defendant pleaded guilty to a single count of third-degree distribution of a controlled dangerous substance within 1000 feet of a school zone, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a).

At the plea hearing, defendant acknowledged reviewing the plea form with his attorney and understanding the proceeding. The plea hearing judge extensively questioned defendant regarding the plea. The judge explained that by entering a guilty plea, defendant "may be forced to go back to Jamaica" and "may be deported." Defendant stated he understood the deportation consequences of pleading guilty and wanted to proceed with his guilty plea. In reviewing the plea form, the judge noted defendant responded "yes" to question

17, stating he understood "that if [he is] not a United States citizen [he] may be deported." The judge twice confirmed defendant understood the potential deportation consequences during the plea colloquy.

Based on defendant's responses, the judge was satisfied defendant understood his rights and the plea offer. The judge further determined defendant's guilty plea was voluntary and defendant provided an adequate factual basis for his plea.

The State recommended a sentence of probation with 364 days in the Passaic County Jail. In accordance with the negotiated plea agreement, the judge sentenced defendant to probation.

On September 7, 2006, defendant appeared before the same judge on a violation of his probation. Defendant pleaded guilty to that charge and the judge continued the probationary sentence.

On May 25, 2007, defendant again appeared before the same judge on another violation of probation. Defendant pleaded guilty to the second violation of probation and the judge continued the probationary sentence.

On December 16, 2008, defendant appeared yet again before the same judge on a third violation of probation. The judge terminated defendant's probation.

A-2058-20

On February 19, 2009, defendant faced new charges for weapons possession under Indictment No. 09-02-0206. On May 14, 2010, defendant appeared before a different judge and pleaded guilty to second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

At the plea hearing under this indictment, defendant acknowledged reviewing the plea form with his attorney and understanding the legal proceedings. Additionally, defendant told the judge he understood the questions on the plea form, his answers to those questions were truthful, and his guilty plea was given freely and voluntarily. During the plea colloquy, the judge did not specifically question defendant about the potential immigration consequences of his guilty plea.

Regarding question 17 on the plea form, because he was not a United States citizen, defendant indicated he understood the following: he may be deported by virtue of his guilty plea; if the guilty plea related to a crime considered an "aggravated felony" under federal law, he would be subject to deportation/removal; and he had the right to seek legal advice on his immigration status prior to entering a guilty plea. In accordance with the negotiated plea under this indictment, on October 19, 2015, defendant received a five-year prison sentence with five years of parole ineligibility.

A-2058-20

On May 10, 2011, defendant was charged under Indictment No. 11-05-0454 with drug and weapons offenses. On September 15, 2015, defendant entered a guilty plea before Judge Sohail Mohammed to third-degree possession of a controlled dangerous substance with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a); and second-degree certain persons not to have weapons, N.J.S.A. 2C: 39-7(b).

At the plea hearing, defendant acknowledged reviewing the plea form with his attorney and understanding the legal proceedings. When Judge Mohammed asked if defendant was a United States citizen, he responded "No." The judge then explained "because [defendant is] not a [United States] citizen, [his] guilty plea may result in removal or deportation," and advised defendant that he had the right to consult with an immigration attorney to discuss the possible ramifications of his guilty plea. Judge Mohammed asked defendant whether he discussed potential immigration issues with an attorney and defendant said he was satisfied with the advice provided by his attorney.

Regarding question 17 on the plea form, defendant stated he understood the immigration consequences of entering a guilty plea and told the judge he wished to plead guilty.

A-2058-20

The State recommended a prison sentence of eight years, subject to five years of parole ineligibility, to run concurrent with all open dockets, including Indictment No. 09-02-0206. On October 9, 2015, the judge sentenced defendant in accordance with the plea agreement.

On May 23, 2019, Alexander filed a pro se PCR application under Indictment Nos. 09-02-0206 and 11-05-0454. About six months later, assigned PCR counsel filed a motion to amend the PCR petition to include Indictment No. 05-05-0650 and provided a certification signed by defendant.

On February 5, 2020, Judge Mohammed heard arguments on the PCR petition. In a June 16, 2020 order and accompanying written decision, Judge Mohammed denied defendant's PCR petition.

On appeal, defendant raises the following arguments:

POINT I

>THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST[-]CONVICTION RELIEF WITHOUT AFFORDING HIM A FULL EVIDENTIARY HEARING THAT INCLUDED TESTIMONY FROM PLEA COUNSEL TO FULLY ADDRESS THE ISSUE OF HIS ATTORNEYS PROVIDING HIM WITH INCORRECT AND/OR MISLEADING ADVICE REGARDING THE IMMIGRATION CONSEQUENCES OF PLEADING GUILTY IN EACH INDICTMENT.

POINT II

> BECAUSE PLEA COUNSEL FAILED TO PROPERLY ADVISE THE DEFENDANT ABOUT THE IMMIGRATION CONSEQUENCES WHICH INCLUDED MANDATORY DEPORTATION, THE DEFENDANT'S GUILTY PLEAS WERE NOT VOLUNTARILY AND KNOWINGLY ENTERED AND MUST BE VACATED.

POINT III

> THE PCR COURT'S DECISION DENYING PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM AS TIME-BARRED FOR INDICTMENT 05-05-650-I WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING THAT EXAMINED THE PERFORMANCE OF PLEA COUNSEL AND THE ISSUE OF HIS INCORRECT LEGAL ADVICE REGARDING THE IMMIGRATION CONSEQUENCES OF PLEADING TO THE THIRD-DEGREE CDS OFFENSE HAS RESULTED IN FUNDAMENTAL INJUSTICE, WHICH REQUIRES REMAND TO THE PCR COURT BEFORE A DIFFERENT JUDGE FOR A NEW HEARING.

We reject defendant's arguments and affirm for the reasons stated in Judge Mohammed's comprehensive June 16, 2020 written decision. We add only the following comments.

Our "standard of review is necessarily deferential to a PCR court's factual findings," and findings "supported by sufficient credible evidence in the record" should be upheld. State v. Nash, 212 N.J. 518, 540 (2013). Where there is no

7

evidentiary hearing, we may "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2013) (quoting State v. Harris, 181 N.J. 341, 421 (2004)). We review a trial court's decision to deny a defendant's request for an evidentiary hearing for abuse of discretion. State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000) (citing State v. Artis, 36 N.J. 538, 541 (1962)).

A defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary hearing is required only when: a defendant establishes a prima facie case in support of PCR; the court determines there are material issue of disputed fact that cannot be resolved by a review of the existing record; and the court finds an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than mere "bald assertions." Cummings, 321 N.J. Super. at 170.

To establish a prima facie claim of ineffective assistance of counsel, the defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our New Jersey Supreme

Court in State v. Fritz, 105 N.J. 42 (1987). First, a defendant must show counsel's performance was deficient, such that his or her performance falls below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Second, a defendant must show counsel's deficient performance prejudiced the case, which requires demonstrating a reasonable probability that the result of the proceeding would have been different but for counsel's performance. Id. at 694.

In the context of a guilty plea, a defendant must demonstrate: (1) counsel's performance was not "within the range of competence demanded of attorneys in criminal cases," and (2) "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973) and Hill v. Lockhart, 474 U.S. 52, 54 (1985)).

Because defendant's 2005 and 2009 guilty pleas pre-dated 2010, defense counsel would be ineffective only if they "provide[d] false or misleading [material] information concerning the deportation consequences of a plea of guilty." State v. Nunez-Valdez, 200 N.J. 129, 138-40 (2009).

In 2010, the United States Supreme Court held that:

> Immigration law can be complex, and it is a legal
> specialty of its own . . . . There will, therefore,

9

undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.

[Padilla v. Kentucky, 559 U.S. 356, 369 (2010).]

The holding in Padilla did not retroactively apply to convictions that were final prior to March 31, 2010, the date of the Padilla decision. Chaidez v. United States, 568 U.S. 342, 344 (2013); State v. Gaitan, 209 N.J. 339 (2012). Thus, the Nunez-Valdez standard applies to defendant's plea in Indictment No. 05-05-0650, and the Padilla standard applies to his pleas in Indictment Nos. 09-02-0206 and 11-05-0454.

Having reviewed the record, we are satisfied defendant did not receive incorrect advice regarding the immigration consequences of his guilty plea. The plea colloquies with the judge in two of the indictments and the signed plea forms in all three matters indicated defendant was properly advised of the possibility of deportation by pleading guilty.

Moreover, defendant failed to demonstrate he would not have pleaded guilty but for his attorneys' allegedly incorrect advice. Rather, defendant offers nothing more than bald assertions he would not have entered the guilty pleas

10

had he known the possibility of deportation. A "[d]efendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016). At each court proceeding regarding all three indictments, defendant acknowledged he understood the possibility of deportation by pleading guilty.

Because defendant did not receive any incorrect legal advice during his plea hearings, defendant is unable to establish a prima facie case of ineffective assistance of counsel under either prong of the Strickland/Fritz analysis and therefore he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2058-20